C. Robert Steringer, OSB 983514
bob.steringer@harrang.com
HARRANG LONG GARY RUDNICK P.C.
1001 SW Fifth Avenue, 16th Floor
Portland, OR 97204
Telephone: (503) 242-0000
Attorney for Plaintiff The ERISA Industry Committee

M. Miller Baker (*pro hac vice forthcoming*)
mbaker@mwe.com
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, DC 20001
Tel: (202) 756-8000
Attorney for Plaintiff The ERISA Industry Committee

Andrew C. Liazos (*pro hac vice forthcoming*)
aliazos@mwe.com
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109
Tel: (617) 535-4038
Attorney for Plaintiff The ERISA Industry Committee

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| THE ERISA INDUSTRY COMMITTEE,<br><br>    Plaintiff,<br><br>    v.<br><br>TOBIAS READ, in his official capacity as Chair of the Oregon Retirement Savings Board,<br><br>    Defendant. | Case No. 3:17-cv-1605<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 1

Plaintiff The ERISA Industry Committee ("ERIC"), on behalf of its members, hereby files this complaint against Tobias Read, in his official capacity as the Chair of the Oregon Retirement Savings Board ("Board"), and alleges as follows:

## NATURE OF THE ACTION

1.

ERIC seeks a declaration that the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), expressly preempts a recently-enacted Oregon law and regulations promulgated thereunder requiring Oregon employers sponsoring ERISA-governed retirement plans to report to the State of Oregon on ERISA plan activities. Reporting on plan activities is a core ERISA function governed exclusively by federal law.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case raises questions arising under federal law.

3.

This Court has personal jurisdiction over Defendant because Defendant resides within the District of Oregon.

4.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to these claims occurred in this district and Defendant resides in Oregon. Divisional venue is proper in the Portland Division of this Court because the Board adopted the administrative rules challenged herein at meetings held in Washington County, Oregon, and because the challenged state statutes and administrative rules apply statewide, including within the Portland Division.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 2

## PARTIES

5.

ERIC is a nonprofit trade association that represents the interests of large employers (10,000 or more employees) that sponsor health, retirement, and compensation benefit plans governed by ERISA. ERIC is the only national association that advocates exclusively for large employer plan sponsors on health, retirement and compensation public policies on the federal, state and local levels. ERIC's mission includes lobbying and litigation advocacy for nationally-uniform laws regarding employee benefits (as contemplated by ERISA), so that ERIC's members do not have to comply with a patchwork of different and conflicting state regulatory requirements in addition to federal law.

6.

ERIC's principal place of business is in Washington, D.C.

7.

Defendant Tobias Read is Oregon State Treasurer and the Chair of the Board. Under ORS 178.205(2)(a), the Board is responsible for "implement[ing]" and "maintain[ing]," *inter alia*, the statute and regulations challenged in this case. Defendant is a resident of Oregon and is sued solely in his official capacity.

8.

Defendant, directly and through the supervision, direction, and/or control of others, is responsible for the administration and enforcement of the statute and regulations challenged in this case.

# BACKGROUND

## A. ERIC's Members Operating in Oregon Sponsor National ERISA Plans

9.

Many of ERIC's members operate in Oregon and thus employ people in Oregon, including some ERIC members that employ one hundred (100) or more persons in Oregon. ERIC's members operating in Oregon sponsor ERISA-governed national retirement plans for some or all of their Oregon employees.

## B. Oregon's Reporting Requirement for ERISA Plan Sponsors

10.

ORS 178.215(8) and Oregon Administration Rules ("OAR") 170-080-0015(1)(a) and 170-080-0020[1] regulate ERISA retirement plan sponsors, including ERIC's members operating in Oregon, by requiring plan sponsors to file a "certificate of exemption" with the state. In lieu of filing such a certificate of exemption, Oregon employers sponsoring ERISA retirement plans must register with the state to administer a defined contribution retirement plan established by the state, the Oregon Retirement Savings Plan. *See* OAR 170-080-0015(1)(a), (2)(a); ORS 178.210(1)(b).

11.

An ERISA retirement plan sponsor's certificate of exemption is valid for three years. A plan sponsor must continue to report to Oregon so long as it offers an ERISA-governed retirement plan to some or all of its Oregon employees. OAR 170-080-0020(2). The certificate is to be renewed under a recertification process to be developed by the Board. *Id.*

---

[1] A copy of the text of ORS 178.215(8) is attached as **Exhibit A**. A copy of the text of the Board's adopted rules, including OAR 170-080-0015(1)(a) and 170-080-0020, is attached as **Exhibit B**.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 4

12.

ORS 178.215(8) and OAR 170-080-0015(1)(a) and 170-080-0020 take effect on a rolling basis over the next three years tied to the number of Oregon employees of ERISA retirement plan sponsors. For ERISA retirement plan sponsors with (A) one hundred (100) or more Oregon employees, the law takes effect on November 15, 2017; (B) at least fifty (50) but no more than ninety-nine (99) Oregon employees, the law takes effect on May 15, 2018; (C) at least twenty (20) but no more than forty-nine (49) Oregon employees, the law takes effect on December 15, 2018; (D) at least ten (10) but no more than nineteen (19) Oregon employees, the law takes effect on May 15, 2019; (E) at least five (5) but no more than nine (9) Oregon employees, the law takes effect on November 15, 2019; and (F) four (4) or fewer Oregon employees, the law takes effect on May 15, 2020.  *See* OAR 170-080-0015(1)(b).  Consequently, a national employer with employees in Oregon must monitor how many employees it has in Oregon to comply with these laws.

### C.   A Justiciable Controversy Now Exists Between ERIC and Defendant

13.

As ORS 178.215(8) and OAR 170-080-0015(1)(a) and 170-080-0020 take effect in just a few weeks—on November 15, 2017, for plan sponsors with one hundred (100) or more employees in Oregon—the claims raised by ERIC in this complaint are fit for judicial decision today, and are not speculative or contingent.

14.

ERIC has standing to sue on behalf of its members, which comprise many of America's largest employers that sponsor ERISA retirement plans. ERIC's purposes include advocating the

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 5

common interests of large employers that sponsor ERISA retirement plans. ERIC fulfills that purpose in part by bringing suit against governmental authorities to challenge state laws and regulations that interfere with national uniformity in ERISA plan administration.

15.

ERIC's claims—which attack ORS 178.215(8) and OAR 170-080-0015(1)(a) and 170-080-0020 on legal, not factual grounds—and the declaratory relief requested herein do not require the participation of ERIC's members.

## CLAIM FOR RELIEF

### ERISA "Connection With" Express Preemption
### (29 U.S.C. § 1144(a))

16.

ERIC repeats and realleges each and every allegation contained in paragraphs 1 through 15 as if fully set forth herein.

17.

ERISA's express preemption provision states in relevant part that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any" ERISA plan. 29 U.S.C. § 1144(a).

18.

For purposes of ERISA's express preemption provision, a state law "relates to" ERISA plans if, *inter alia*, that law has a "connection with" ERISA plans.

19.

ORS 178.215(8) and OAR 170-080-0015(1)(a) and 170-080-0020 have a "connection with" ERISA plans because they impose reporting requirements on multi-state plan sponsors operating in Oregon by requiring the filing of a certificate of exemption to avoid the obligation to

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 6

register to administer the Oregon Retirement Savings Plan. The relative burden of this reporting obligation does not matter for preemption purposes, because ERISA's preemption provision seeks to protect ERISA plan sponsors from the burdens of complying with a multiplicity of varying state regulatory requirements.

20.

ORS 178.215(8) and OAR 170-080-0015(1)(a) and 170-080-0020 interfere with nationally uniform ERISA plan administration by requiring plan sponsors to report to Defendant on the sponsors' ERISA activity of providing ERISA-governed retirement benefits.

21.

ORS 178.215(8) and OAR 170-080-0015(1)(a) and 170-080-0020 are therefore expressly preempted by ERISA insofar as they require ERISA plan sponsors operating in Oregon to file certificates of exemption to avoid having to register to administer the Oregon Retirement Savings Plan.

### REQUEST FOR RELIEF

WHEREFORE, ERIC respectfully requests that this Court:

(1) Declare that ERISA expressly preempts ORS 178.215(8) and OAR 170-080-0015(1)(a) and 170-080-0020 insofar as they require ERISA plan sponsors operating in Oregon to file certificates of exemption to avoid having to register to administer the Oregon Retirement Savings Plan;

(2) Enjoin Defendant from enforcing ORS 178.215(8) and OAR 170-080-0015(1)(a) and 170-080-0020 to require ERISA plan sponsors operating in Oregon to file certificates of exemption to avoid having to register to administer the Oregon Retirement Savings Plan; and

///

(3) Grant ERIC such additional or different relief as it deems just and proper with regard to the reporting obligations imposed by ORS 178.215(8) and OAR 170-080-0015(1)(a) and 170-080-0020.

DATED this October 12, 2017.

HARRANG LONG GARY RUDNICK P.C.

By: /s/ C. Robert Steringer
C. Robert Steringer, OSB 983514
Of Attorneys for Plaintiff The ERISA Industry Committee

C. Robert Steringer
bob.steringer@harrang.com
HARRANG LONG GARY RUDNICK P.C.
1001 SW Fifth Avenue, 16th Floor
Portland, OR 97204
Tel: (503) 242-0000

M. Miller Baker (*pro hac vice forthcoming*)
mbaker@mwe.com
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, DC 20001
Tel: (202) 756-8000

Andrew C. Liazos (*pro hac vice forthcoming*)
aliazos@mwe.com
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109
Tel: (617) 535-4038

Attorneys for The ERISA Industry Committee

P0733653.v3

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 8